IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLISON HULETT | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-3003 |
| | § | |
| ASI LLOYDS AND TIFFINEY EADES | § | |
| | § | |
| | § | |

**NOTICE OF REMOVAL**

Defendant ASI Lloyds ("ASI") through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Allison Hulett v. ASI Lloyds and Tiffiney Eades*, Cause No. 16-09-10469, in the originally filed in the 284th Judicial District Court of Montgomery County, Texas but subsequently transferred to the County Court at Law No. 2 of Montgomery County, Texas. In support of this Notice of Removal, ASI respectfully represents the following:

1. Allison Hulett ("Plaintiff") commenced the captioned insurance bad faith action on September 9, 2016, by filing Plaintiff's Original Petition (the "Petition") in the 284th Judicial District Court of Montgomery County, Texas. ASI was served on September 16, 2016.

2. Copies of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed, (a) Plaintiff's Original Petition filed 9/9/16; (b) Citation for ASI Lloyds dated 9/9/16; (c) Citation for Tiffiney Eades dated 9/9/16; (d) Clerk's certificate of service by certified regarding service on Tiffiney Eades dated 9/13/16; (e) Clerk's certificate of service by certified mail to ASI Lloyds of the Plaintiff's Original Petition dated 9/13/16; (f) USPS Certified mail receipt to Tiffiney Eades; (g) USPS Certified mail receipt

to ASI Lloyds (h)Temporary Order for Transfer of the 284th District Court's Share of Newly Filed Civil Cases with Amounts in Controversy Less than $200,000; (i) Plaintiff's First Amended Petition filed 9/19/16; (j) Civil Process request form dated 9/19/16 regarding Plaintiff's First Amended petition; (k) Citation for ASI Lloyds regarding Plaintiff's First Amended Petition dated 9/22/16; (l) Citation for Tiffiney Eades regarding Plaintiff's First Amended Petition dated 9/22/16; (m) Clerk's certificate of service by certified regarding service on Tiffiney Eades dated 9/22/16; (n) Clerk's certificate of service by certified mail to ASI Lloyds of the First Amended Petition dated 9/22/16; (o) USPS Certified mail receipt to Tiffiney Eades; (p) USPS Certified mail receipt to ASI Lloyds; and (q) Correspondence from Lugenbuhl dated 9/19/16 requesting complete record].

3. The Petition avers that Plaintiff is a resident of Montgomery County, Texas.[1] The Petition alleges that ASI is "a Texas domestic Lloyd's plan . . . and/or has its principal place of business located in Texas" but fails to allege a state of incorporation.[2] Defendant, ASI Lloyds was, and at the date of this Notice remains, an unincorporated association of 10 underwriters. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[3] The members of ASI Lloyds are the underwriters alone.[4] The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Jr., Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon, and Angel Conlin. Each of these underwriters is a citizen of the State of Florida and resides outside the state of Texas as of the commencement of this lawsuit and its subsequent

---

[1] Petition, ¶ II.
[2] Petition, ¶ II.
[3] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990).
[4] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

removal.  Because each of the underwriters is a citizen of a state other than Texas, ASI Lloyds is not a Texas citizen.[5]

4.      The Petition alleges that Tiffiney Eades ("Eades") is an individual resident of the State of Texas.[6]  However, Eades' citizenship should be disregarded because Plaintiff fraudulently joined him as a party for the sole purpose of defeating diversity of citizenship in this case.

5.      The Petition alleges that Plaintiff owns property located in Montgomery County, Texas insured under an Insurance Policy issued by ASI.[7] The Petition alleges that Plaintiff suffered damages as a result of a storm at the residence on or about March 10, 2016.[8]  The Petition further alleges Plaintiff submitted a claim for the damage, at which point ASI allegedly denied and/or underpaid Plaintiff's claim for damages to the Property.[9]

6.       ASI does not admit the underlying facts as alleged by Plaintiff or as summarized above.  Further, ASI expressly denies that it has any liability to Plaintiff.

7.      This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

8.      Consent to this removal by Eades is unnecessary as she was improperly joined.

## EADES IS IMPROPERLY JOINED

9.      Fraudulent joinder is determined based on an analysis of the causes of action

---

[5] *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").
[6] Petition, ¶ II.
[7] Petition, ¶ V.
[8] Petition, ¶ V.
[9] Petition, ¶ V.

alleged in the petition at the time of removal.[10]  If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes.[11]  The fraudulent joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts, or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[12]

10. Based on the facts alleged, Plaintiff has no possibility of establishing a cause of action against Eades.  Consequently, Eades has been improperly joined in this case to defeat diversity jurisdiction.

11. Plaintiff named Eades as a defendant, but does not make any specific factual allegations of wrongdoing against him.  This is reminiscent of the petition in *Griggs v. State Farm Lloyds*.[13]  In *Griggs*, the plaintiff named its insurance agent as a defendant, but failed to allege any actionable facts specific to him.[14]

12. Plaintiff's pleading tracks the language of a number of the enumerated acts and practices that could constitute violations under the Texas Insurance Code.  Specifically, Plaintiff alleges that Eades violated the Texas Insurance Code by (1) engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case; (2) engaging in unfair claims settlement practices; (3) misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue; (4) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect in which liability has become reasonably clear; (5) failing to affirm or deny coverage of Plaintiff's claims within a reasonable time; (6) refusing to

---

[10] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).
[12] *Id.* (citations omitted).
[13] 181 F.3d 694 (5th Cir. 1999).
[14] *Id.* at 699.

4

pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and (7) failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the for the denial of a claim or for the offer of a company's settlement.[15]  These "allegations" are simply legal conclusions. Plaintiff does not plead any specific acts by Eades that support any of the allegations. And conclusory allegations alone are insufficient to preclude removal due to fraudulent joinder.[16] This Court should, thus, follow the precedent established in *Griggs* and find that Eades was improperly joined for purposes of diversity jurisdiction.

## DIVERSITY JURISDICTION

13.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is, therefore, removable to this Court pursuant to 28 U.S.C. § 1441 (a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a Texas resident.  ASI is a citizen of Florida.[17]  As discussed, while Eades is a resident of the State of Texas, her citizenship is irrelevant for diversity purposes because he was fraudulently joined.  Consequently, there is complete diversity of citizenship.

14.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a).  In the Petition, Plaintiff alleges that it seeks "monetary relief over $100,000 but not more than $200,000."[18]  Plaintiff also seeks additional and consequential

---

[15] Petition, at VI.
[16] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).
[17] *Getty Oil Corp. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).
[18] Petition, ¶VIII.

damages, interest, exemplary damages, and attorneys' fees.[19] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[20]

15. Further, plaintiffs in Texas are not limited to the recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…."[21] "The general principal is that Plaintiff will have to show that they are bound irrevocably by their state pleadings."[22]

16. No binding stipulation or affidavit was filed with Plaintiff's Petition.

### REMOVAL PROCEDURE

17. The clerk of the County Court at Law No. 2 of Montgomery County, Texas has been provided notice of this removal.

18. The following exhibits are attached hereto and incorporated herein by reference:

    a. Index of matters being filed;

    b. List of all parties and counsel of record;

    c. Copy of all pleadings, process, and orders served upon defendants; and

    d. Notice of Removal to State Court

WHEREFORE, ASI hereby provides notice that this action is duly removed.

                          Respectfully submitted,

                          */s/ LaDonna G. Schexnyder*
                          LaDonna G. Schexnyder
                          Texas Bar No. 24072938
                            Federal ID No. 1096795
                          lschexnyder@lawla.com

---

[19] Petition, ¶¶ IX-XI .
[20] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326 (5th Cir. 2000).
[21] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).
[22] *Id.* at 1412, n. 10.

        LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
        9311 Bluebonnet Blvd., Suite A
        Baton Rouge, LA  70810
        Telephone:  (504) 568-1990
        Facsimile:  (504) 310-9195

        ATTORNEY-IN-CHARGE FOR DEFENDANT,
        ASI LLOYDS

OF COUNSEL:
Kelli Gunter
Texas Bar No. 24059872
Federal ID No. 31001
kgunter@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 7th day of October, 2016, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

Mr. Jake S. Rogiers
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, TX  78232

        */s/ LaDonna G. Schexnyder*
        LaDonna G. Schexnyder