Received and E-Filed for Record
9/9/2016 3:02:19 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-09-10469

| | | |
|---|---|---|
| ALLISON HULETT | § | IN THE DISTRICT COURT |
| | § | Montgomery County - 284th Judicial District Court |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| ASI LLOYDS AND | § | |
| TIFFINEY EADES | § | MONTGOMERY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Allison Hulett, hereinafter referred to as "Plaintiff," complaining of Defendants, ASI Lloyds and Tiffiney Eades (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

Plaintiff, Allison Hulett, is an individual and resident of Texas.

Defendant, ASI Lloyds ("ASI"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of ASI's "members" are citizens of Texas. It can be served with citation by serving its registered agent,

Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl Street 25th Floor, Dallas, TX 75201.

Defendant, Tiffiney Eades ("Eades"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 943 Lange Rd., Harper, TX 78631, or wherever else she may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Montgomery County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Harris ... Maybe Montgomery County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below). Venue is proper and mandatory in Harris ... Maybe Montgomery County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiff is the owner of insurance Policy Number TXL190404 issued by Defendant, ASI (hereinafter referred to as the "Policy").

ertified as to certification on signature page"

B.     Plaintiff owned the insured property, which is specifically located at 6 Ivy Garden St., Spring, Montgomery County, Texas 77382 on April 19, 2015 (hereinafter referred to as the "Property").

C.     Defendant ASI or its agent sold the Policy, insuring the Property, to Plaintiff.

D.     On or about April 19, 2015, a wind and hailstorm struck the Spring, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.     Plaintiff submitted a claim to ASI against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that ASI cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.     Defendants have assigned claim number 365099-164402 to Plaintiff's claim.

G.     Defendant Eades was the agent for ASI and represented ASI in regard to Plaintiff's claim. Eades also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Eades acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Eades is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Eades acted as the agent and representative for ASI in this claim.

H.     Defendant Eades improperly adjusted the Plaintiff's claim. Defendant Eades conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiff's damages.[1] her estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Eades misrepresented the cause of, scope of, and cost

---

[1] See Exhibit A: Defendant Eades's Adjustment Report dated March 26, 2016.

certified as to certification on signature page"

to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Eades made these and other misrepresentations to Plaintiff as well as to ASI. Plaintiff and ASI both relied on Eades's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Eades's misrepresentations caused ASI to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Eades also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Eades's advice. Plaintiff's Property has sustained further damages as a result.

I.     Defendants ASI and Eades misrepresented that the damages caused by the wind and hailstorm were below the policy deductible.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $41,000.00 and were caused by a covered occurrence.

J.     Defendants ASI and Eades failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.     These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

certified as to certification on signature page"

L.  Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M.  Defendant ASI failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.  Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.  Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.  Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

"certified as to certification on signature page"

Q.  Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.  Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.  Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.  Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment

ertified as to certification on signature page"

for her claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V. From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against ASI

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, ASI has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the

certified as to certification on signature page"

wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services

*ertified as to certification on signature page"*

provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

"certified as to certification on signature page"

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to

*certified as to certification on signature page"*

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

*certified as to certification on signature page*

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F. Cause of Action for Fraud Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment. The

"Certified as to certification on signature page"

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G. Cause of Action for Conspiracy Against ASI and Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the

certified as to certification on signature page"

Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that she purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

## H. Cause of Action for Aiding and Abetting Against ASI and Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and

*ertified as to certification on signature page"*

fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other

"certified as to certification on signature page"

Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I. Cause of Action for Negligence and Gross Negligence Against Eades

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Eades was negligent in giving advice to Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair her Property and prevent future damage by following Eades's advice. Plaintiff's Property has sustained further damages as a result. Eades owed a duty to use reasonable care when she

'ertified as to certification on signature page"

undertook to advise the Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. Defendant Eades breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Eades.

## J. Cause of Action for Negligent Misrepresentation Against Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Eades constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Eades made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Eades.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental

certified as to certification on signature page"

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

Certified as to certification on signature page"

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

"certified as to certification on signature page"

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
JAKE S. ROGIERS
Texas State Bar No. 24069066
jake@speightsfirm.com

**ATTORNEY FOR PLAINTIFFS**

I, Barbara Gladden Adamick, do hereby Certify 22 pages in Cause # 16091069 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas. Witness My Official Seal of Office in Conroe, Texas On This the 26 Day of September 2016 By: _____, Deputy



March 26, 2016

Allison Hulett
6 Ivy Garden
The Woodlands, TX 77382

| | |
|---|---|
| Claim Number: | 365099-164402 |
| Policy Number: | TXL190404 |
| Date of Loss | 4/19/2015 |
| Date Reported: | 3/7/2016 |
| Underwriting Co: | ASI Lloyds |
| Insured Location: | 6 Ivy Garden St |
| | The Woodlands, TX 77382 |

Dear Allison Hulett,

This will acknowledge your claim for Hail that was reported to ASI Lloyds as occurring on April 19, 2015. Coverage has been requested under policy number TXL190404 for policy period June 26, 2014 to June 26, 2015 under your policy form: HO3  – HO 00 03 10 00 - Texas HO3 Policy Form .

An inspection of your property for this loss was completed by Tailored. The inspecting adjuster observed water damage to the interior of your home.

This letter is to confirm the repair or replacement cost of your loss came to less than your insurance policy deductible of $3,260.00. For this reason, we will be unable to respond to your claim for hail with a payment.  Attached with this letter you will find the repair or replacement estimate.

| Coverage Affected | | Amount |
|---|---|---|
| A-Dwelling | | 807.38 |
| **Total Before Deductible** | | **807.38** |
| Less Total Depreciation | | 0.00 |
| Recoverable | 0.00 | |
| Non-Recoverable | 0.00 | |
| Less Policy Deductible | | (807.38) |
| **Payment Amount** | | **0.00** |

The interior water damage is a result of leaks due to wear tear and deterioration of the pipe boots on the roof. Your homeowner's policy provides coverage for sudden and accidental direct physical loss to property described in Coverages A and B and specifically excludes loss caused by wear tear and deterioration.

*Certified as to certification on signature page*

1 ASI Way • St. Petersburg, FL 33702
P: 866-274-8765 • www.AmericanStrategic.com

EXHIBIT
A



*PROGRESSIVE*    The ASI Group is an affiliate of The Progressive Corporation and is rated A (Excellent) by A.M. Best Co.



Please refer to your policy, Policy Form **HOMEOWNERS 3 – SPECIAL FORM HO 00 03 10 00**
, as amended by **SPECIAL PROVISIONS – TEXAS ASI HO3 42 SP 08 09,** for the following policy language which
states in part

**HOMEOWNERS
HO 00 03 10 00**

# HOMEOWNERS 3 – SPECIAL FORM

**SECTION I – PERILS INSURED AGAINST**

**A. Coverage A – Dwelling And Coverage B – Other Structures**

    **1.** We insure against risk of direct physical loss to property described in Coverages A and B.

    **2.** We do not insure, however, for loss:

        **a.** Excluded under Section I – Exclusions;

        **c.** Caused by:

    **(6)** Any of the following:

        **(a)** Wear and tear, marring, deterioration;

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## SPECIAL PROVISIONS FOR TEXAS

(ASI HO3 42 SP)

**SECTION I – PERILS INSURED AGAINST**
The introductory paragraph, item **A.1.** is replaced by the following:
    We insure for sudden and accidental direct physical loss to property described in Coverages A and **B.**

The reason set forth for our denial of coverage is not necessarily exhaustive and does not prevent us from asserting any other valid reason for denial of this claim. Please do not construe this letter, or any act or failure to act by us or

1 ASI Way • St. Petersburg, FL 33702
P: 866-274-8765 • www.AmericanStrategic.com

*PROGRESSIVE*  The ASI Group is an affiliate of The Progressive Corporation and is rated A (Excellent) by A.M. Best Co.

"ertified as to certification on signature page"



by any agent or representative of us, as a waiver of any rights or defenses available by contract or at law. We specifically reserve all such rights and defenses.

We would like to thank you for your cooperation throughout the claims process. Your assistance goes a long way in helping us settle your loss.

Please feel free to call me at the number below if you have any questions in reference to this letter or your claim.

Thank you for being an American Strategic Insurance Corp customer.

Sincerely,

Tiffiney Eades
ASI Underwriters
866-274-5677 x1579 | teades@asicorp.org | www.americanstrategic.com
1 ASI Way, St. Petersburg, FL 33702

*PROGRESSIVE*   The ASI Group is an affiliate of The Progressive Corporation and is rated A (Excellent) by A.M. Best Co.

# CITATION

### Cause Number: 16-09-10469

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Jake Rogiers
1350 N Loop 1604 E., Ste 104
San Antonio TX  78232

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  ASI Lloyds
     Registered Agent Rodney D Bucker
     700 North Pearl Street 25th Floor
     Dallas TX  75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 9th day of September, 2016 numbered 16-09-10469 on the docket of said court, and styled, Allison Hulett VS. ASI Lloyds, Tiffiney Eades

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 13th day of September, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

Signed: 9/13/2016 11:49 AM

By: _CRG_____

Catherine Gant, Deputy

I, Barbara Gladden Adamick, do hereby Certify _2_ pages in Cause # 160910469 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the _26_ Day of _September_ 2016

By: _Jone Meredith_ Deputy

# OFFICER'S RETURN

Cause No. 16-09-10469                    Court No: County Court at Law #2
Style: Allison Hulett VS. ASI Lloyds, Tiffiney Eades
To:       ASI Lloyds
Address:  Registered Agent Rodney D Bucker
          700 North Pearl Street 25th Floor
          Dallas TX  75201

Came to hand the ___ day of _____, 20___, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, at the following times and places, to
wit:
Name            Date/Time       Place, Course and distance from Courthouse
_____ _____ _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy      $_____
TOTAL                          $_____
                                               _____
                                               OFFICER
                                               County, Texas
                               By: _____, Deputy

                              AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is _____ .
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____ County, State of _____, on the ___ day of
_____, 20____ .

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        ID# & Exp. Of Certification

# CITATION

### Cause Number: 16-09-10469

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Jake Rogiers
1350 N Loop 1604 E., Ste 104
San Antonio TX  78232

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  Tiffiney Eades
     943 Lange Rd
     Harper TX  78631

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 9th day of September, 2016 numbered 16-09-10469 on the docket of said court, and styled, Allison Hulett VS. ASI Lloyds, Tiffiney Eades

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 13th day of September, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

Signed: 9/13/2016 11:49 AM

By: _____

Catherine Gant, Deputy

I, Barbara Gladden Adamick, do hereby
Certify  2  pages in Cause # 16-09-10469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of September 2016
By: _____ Deputy

# OFFICER'S RETURN

Cause No. 16-09-10469                    Court No: County Court at Law #2
Style: Allison Hulett VS. ASI Lloyds, Tiffiney Eades

To:       Tiffiney Eades
Address:  943 Lange Rd
          Harper TX  78631

Came to hand the _____ day of _____, 20__, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, at the following times and places, to
wit:

Name          Date/Time        Place, Course and distance from Courthouse

_____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:

And the cause of failure to execute this process is:

And information received as to the whereabouts of said defendant(s) being:

FEES:
Serving Petition and Copy      $ _____
TOTAL                          $ _____
                                              OFFICER
                               _____ County, Texas
                               By: _____, Deputy

AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is _____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____, County, State of _____ on the ___ day of
_____, 20___.

                               _____
                               Declarant/Authorized Process Server

                               _____
                               ID# & Exp. Of Certification

## 16-09-10469-CV CCL#2

# Clerk's Certificate of Service by Certified Mail:

I, Barbara Gladden Adamick, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 16-09-10469, I executed the foregoing citation in Montgomery County, Texas on this the 13th day of September, 2016, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition attached thereto, via certified mail no. 9214890146339311358664 and address to
Tiffiney Eades
943 Lange Rd
Harper TX 78631 and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially September 13, 2016.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: *Catherine Gant*     Signed: 9/13/2016 12:03 PM

Catherine Gant

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause # 16 09 10469 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 26 Day of September 2016

By: *Janet Meredith* , Deputy

## 16-09-10469-CV CCL#2

## Clerk's Certificate of Service by Certified Mail:

I, Barbara Gladden Adamick, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 16-09-10469, I executed the foregoing citation in Montgomery County, Texas on this the 13th day of September, 2016, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition attached thereto, via certified mail no. 92148901463393311358671 and address to ASI Lloyds
Registered Agent Rodney D Bucker
700 North Pearl Street 25th Floor
Dallas TX  75201 and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially September 13, 2016.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: **Catherine Gant**

Signed: 9/13/2016 12:03 PM

Catherine Gant

I, Barbara Gladden Adamick, do hereby
Certify __1__ pages in Cause #1609104469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the ___ Day of _September_ 2016
By: _____, Deputy



**USPS CERTIFIED MAIL™**

Montgomery County District Clerk
C Gant
301 N Main Street

Conroe      TX      77301

9214 8901 4633 9311 3586 64

Tiffiney Eades
Tiffiney Eades
943 Lange Rd

Harper      TX   78631-8300

I, Barbara Gladden Adamick, do hereby
Certify ____ pages in Cause #160910469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of _September_ 20 16

By:_____ , Deputy



**USPS CERTIFIED MAIL™**

Montgomery County District Clerk
C Gant
301 N Main Street

Conroe      TX     77301

9214 8901 4633 9311 3586 71

ASI Lloyds
Registered Agent Rodney D Bucker
700 North Pearl Street
25th Floor
Dallas           TX   75201-2832

I, Barbara Gladden Adamick, do hereby
Certify ___ pages in Cause #160910469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of September 2016

By: _____, Deputy

**16-09-10469**

TEMPORARY ORDER FOR TRANSFER OF THE 284TH DISTRICT COURT'S
SHARE OF NEWLY FILED CIVIL CASES WITH AMOUNTS IN CONTROVERSY
LESS THAN $200,000

BE IT REMEMBERED that on this day the presiding judge of County Court-at-Law

Number Two of Montgomery County, Texas and the presiding judge of the 284th District Court

of Montgomery County, Texas agreed that, for a time period beginning February 15, 2016 and

continuing through December 31, 2016, the 5/12 allocation of newly filed civil cases with

amounts in controversy less than $200,000 assigned by the District Clerk to the 284th District

Court under the December 14, 2012 Amended Order of Case Assignment (New and Pending

Cases) will be transferred by the District Clerk from 284th District Court to County Court-at-Law

Number Two. This Temporary Order does not permit the transfer of civil cases involving an

injunction, a Tex. Code of Crim. Proc. Chapter 59 asset forfeiture, foreclosure of a lien on real

property, trespass to try title or requesting a return of property.

SO ORDERED this _5_ day of February, 2016.


_____
Hon. Kathleen Hamilton
Local Administrative District Judge

_____
Hon. Claudia Laird
Local Administrative County Court-at-Law
Judge

_____
Hon. Cara Wood
Judge Presiding, 284th District Court of
Montgomery County, Texas

_____
Hon. Claudia Laird
Judge Presiding, County Court-at-Law
Number Two of Montgomery County, Texas

I, Barbara Gladden Adamick, do hereby
Certify _1_ pages in Cause # 16091049
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.
Witness My Official Seal of Office in Conroe, Texas,
On This the _26_ Day of _September_ 2016
By: _____ Deputy

Date: 2/5/16

Received and E-Filed for Record
9/19/2016 11:21:18 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## CAUSE NO. 16-09-10469

| | | |
|---|---|---|
| ALLISON HULETT | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| V. | § | AT LAW NO. 2 |
| | § | |
| | § | |
| ASI LLOYDS AND | § | |
| TIFFINEY EADES | § | MONTGOMERY COUNTY, TEXAS |

### TRANSFERRED FROM

### CAUSE NO. 16-09-10469

| | | |
|---|---|---|
| ALLISON HULETT | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 284th JUDICIAL COURT |
| | § | |
| | § | |
| ASI LLOYDS AND | § | |
| TIFFINEY EADES | § | MONTGOMERY COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Allison Hulett, hereinafter referred to as "Plaintiff," complaining of Defendant, ASI Lloyds and Tiffeney Eades. Hereinafter collectively referred to as "Defendants," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

*"Certified as to certification on signature page"*

## II. PARTIES

Plaintiff, Allison Hulett, is an individual and resident of Texas.

Defendant, ASI Lloyds ("ASI"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of ASI's "members" are citizens of Texas. It can be served with citation by serving its registered agent, Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl Street 25th Floor, Dallas, TX 75201.

Defendant, Tiffiney Eades ("Eades"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 943 Lange Rd., Harper, TX 78631, or wherever else she may be found.

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Montgomery County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Montgomery County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below). Venue is proper and mandatory in Montgomery County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

Certified as to certification on signature page"

## IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A.  Plaintiff is the owner of insurance Policy Number TXL190404 issued by Defendant, ASI (hereinafter referred to as the "Policy").

B.  Plaintiff owned the insured property, which is specifically located at 6 Ivy Garden St., Spring, Montgomery County, Texas 77382 on April 19, 2015 (hereinafter referred to as the "Property").

C.  Defendant ASI or its agent sold the Policy, insuring the Property, to Plaintiff.

D.  On or about April 19, 2015, a wind and hailstorm struck the Spring, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.  Plaintiff submitted a claim to ASI against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that ASI cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.  Defendants have assigned claim number 365099-164402 to Plaintiff's claim.

G.  Defendant Eades was the agent for ASI and represented ASI in regard to Plaintiff's claim. Eades also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Eades acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Eades is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Eades acted as the agent and representative for ASI in this claim.

"Certified as to certification on signature page"

H.   Defendant Eades improperly adjusted the Plaintiff's claim. Defendant Eades conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiff's damages.[1] her estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Eades misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Eades made these and other misrepresentations to Plaintiff as well as to ASI. Plaintiff and ASI both relied on Eades's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Eades's misrepresentations caused ASI to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Eades also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Eades's advice. Plaintiff's Property has sustained further damages as a result.

I.   Defendants ASI and Eades misrepresented that the damages caused by the wind and hailstorm were below the policy deductible.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $41,000.00 and were caused by a covered occurrence.

---

[1] *See Exhibit A: Defendant Eades's Adjustment Report dated March 26, 2016.*
[2] *Id.*
[3] *Id.*
[4] *Id.*

'Certified as to certification on signature page"

J.  Defendants ASI and Eades failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.  These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.  Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M.  Defendant ASI failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.  Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.  Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.  Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without

any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.   Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes

"Certified as to certification on signature page"

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.   Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.   From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.   Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

Certified as to certification on signature page"

## VI. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract Against ASI**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, ASI has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In

*Certified as to certification on signature page"*

addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts,

Certified as to certification on signature page"

omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### D. Cause of Action for Unfair Insurance Practices Against ASI and Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

"Certified as to certification on signature page"

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against ASI and Eades**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

"Certified as to certification on signature page"

### F. Cause of Action for Fraud Against ASI and Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G. Cause of Action for Conspiracy Against ASI and Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

"Certified as to certification on signature page"

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that she purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of

"Certified as to certification on signature page"

court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

## H. Cause of Action for Aiding and Abetting Against ASI and Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental

"Certified as to certification on signature page"

damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees

Certified as to certification on signature page"

through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I. Cause of Action for Negligence and Gross Negligence Against Eades

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Eades was negligent in giving advice to Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair her Property and prevent future damage by following Eades's advice. Plaintiff's Property has sustained further damages as a result. Eades owed a duty to use reasonable care when she undertook to advise the Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. Defendant Eades breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Eades.

## J. Cause of Action for Negligent Misrepresentation Against Eades

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Eades constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Eades made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the

Certified as to certification
on signature page

guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Eades.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment

"Certified as to certification on signature page"

interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of

'Certified as to certification
'n sismature page"

the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

"Certified as to certification on signature page"

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear

and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would

reasonably and justly compensate her in accordance with the rules of law and procedure, both as

to actual damages, consequential damages, treble damages under the Texas Insurance Code and

Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as

may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any

appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed

by law, and for any other and further relief, at law or in equity, to which she may show herself to

be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
JAKE S. ROGERS
Texas State Bar No. 24069066
jake@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

I, Barbara Gladden Adamick, de hereby Certify 24 pages in Cause # 16091069 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 26 Day of September 2016

By: _____, Deputy



March 26, 2016

Allison Hulett
6 Ivy Garden
The Woodlands, TX 77382

| | |
|---|---|
| *Claim Number:* | 365099-164402 |
| *Policy Number:* | TXL190404 |
| *Date of Loss* | 4/19/2015 |
| *Date Reported:* | 3/7/2016 |
| *Underwriting Co:* | ASI Lloyds |
| *Insured Location:* | 6 Ivy Garden St |
| | The Woodlands, TX 77382 |

Dear Allison Hulett,

This will acknowledge your claim for Hail that was reported to ASI Lloyds as occurring on April 19, 2015. Coverage has been requested under policy number TXL190404 for policy period June 26, 2014 to June 26, 2015 under your policy form: HO3 - HO 00 03 10 00 - Texas HO3 Policy Form .

An inspection of your property for this loss was completed by Tailored. The inspecting adjuster observed water damage to the interior of your home.

This letter is to confirm the repair or replacement cost of your loss came to less than your insurance policy deductible of $3,260.00. For this reason, we will be unable to respond to your claim for hail with a payment.  Attached with this letter you will find the repair or replacement estimate.

| Coverage Affected | | Amount |
|---|---|---|
| A-Dwelling | | 807.38 |
| **Total Before Deductible** | | **807.38** |
| Less Total Depreciation | | 0.00 |
|   Recoverable | 0.00 | |
|   Non-Recoverable | 0.00 | |
| Less Policy Deductible | | (807.38) |
| **Payment Amount** | | **0.00** |

The interior water damage is a result of leaks due to wear tear and deterioration of the pipe boots on the roof.  Your homeowner's policy provides coverage for sudden and accidental direct physical loss to property described in Coverages A and B and specifically excludes loss caused by wear tear and deterioration.

*"Certified as to certification on signature page"*

1 ASI Way • St. Petersburg, FL 33702
P: 866-274-8765 • www.AmericanStrategic.com



**PROGRESSIVE**    The ASI Group is an affiliate of The Progressive Corporation and is rated A (Excellent) by A.M. Best Co.



Please refer to your policy, Policy Form **HOMEOWNERS 3 – SPECIAL FORM HO 00 03 10 00**
, as amended by **SPECIAL PROVISIONS – TEXAS ASI HO3 42 SP 08 09**, for the following policy language which states in part

**HOMEOWNERS**
**HO 00 03 10 00**

# HOMEOWNERS 3 – SPECIAL FORM

### SECTION I – PERILS INSURED AGAINST
**A. Coverage A – Dwelling And Coverage B – Other Structures**

   1. We insure against risk of direct physical loss to property described in Coverages A and B.

   2. We do not insure, however, for loss:

     a. Excluded under Section I – Exclusions;

     c. Caused by:

     (6) Any of the following:

       (a) Wear and tear, marring, deterioration;

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## SPECIAL PROVISIONS FOR TEXAS

(ASI HO3 42 SP)

### SECTION I – PERILS INSURED AGAINST
The introductory paragraph, item **A.1.** is replaced by the following:
We insure for sudden and accidental direct physical loss to property described in Coverages A and B.

The reason set forth for our denial of coverage is not necessarily exhaustive and does not prevent us from asserting any other valid reason for denial of this claim. Please do not construe this letter, or any act or failure to act by us or

1 ASI Way • St. Petersburg, FL 33702
P: 866-274-8765 • www.AmericanStrategic.com

*PROGRESSIVE*  The ASI Group is an affiliate of The Progressive Corporation and is rated A (Excellent) by A.M. Best Co.

Certified as to certification on signature page



by any agent or representative of us, as a waiver of any rights or defenses available by contract or at law. We specifically reserve all such rights and defenses.

We would like to thank you for your cooperation throughout the claims process. Your assistance goes a long way in helping us settle your loss.

Please feel free to call me at the number below if you have any questions in reference to this letter or your claim.

Thank you for being an American Strategic Insurance Corp customer.

Sincerely,

Tiffiney Eades
ASI Underwriters
866-274-5677 x1579 | teades@asicorp.org | www.americanstrategic.com
1 ASI Way, St. Petersburg, FL 33702

*PROGRESSIVE*    The ASI Group is an affiliate of The Progressive Corporation and is rated A (Excellent) by A.M. Best Co.

Received and E-Filed for Record
9/19/2016 11:21:18 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## CIVIL PROCESS REQUEST FORM

**For Each Party Served You Must Furnish (1) Copy of the Pleading**

Cause No. _16-09-10469_____    Court __CC#2_____

**Service to be issued as follows:**

1.  Name:    ASI Lloyds
    Agent:    Rodney D. Bucker
    Address:  700 North Pearl Street, 25th Floor
    City: Dallas                    State:  Texas      Zip: 75201

Instrument to be served:
_Plaintiff's First Amended Petition_

Service by:    Personal Citation_____    Restrict Del._____    Non-Resident_____
              Certified Mail __XX___      Publication_____     Posting_____
              Other:_____

2.  Name:    Tiffiney Eades
    Agent:
    Address:  943 Lange Rd
    City:     Harper              State:  Texas      Zip: 78631

Instrument to be served:
_Plaintiff's First Amended Petition_

Service by:    Personal Citation_____    Restrict Del._____    Non-Resident_____
              Certified Mail __XX___      Publication_____     Posting_____
              Other:_____

Attorney or Party requesting issuance of service:
Name:     Jake S. Rogiers, Speights & Worrich
Address:  1350 N. Loop 1604 E., Ste 104, SATX 78232
Telephone No:  210-495-6789                    Bar No:  24069066

Service to be returned by **Mail** or **Pickup** (circle one)
Contact the following for **pickup:**
Civil Process Server:
Telephone No:
Attorney:                                        Telephone No:

Barbara Gladden Adamick, District Clerk
P.O. Box 2985
Conroe, TX 77305
(936) 539-7855

Revised 9/18/12

I, Barbara Gladden Adamick, do hereby
Certify ____ pages in Cause # 16-09-10469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas.
On This the 26 Day of September 2016
By: _____ Deputy

# CITATION

Cause Number: 16-09-10469

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Jake Rogiers
1350 N Loop 1604 E., Ste 104
San Antonio TX 78232

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To: ASI Lloyds
    Rodney D Bucker
    700 North Pearl Street 25th Floor
    Dallas TX 75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's First Amended Petition was filed in said court on this the 19th day of September, 2016 numbered 16-09-10469 on the docket of said court, and styled, Allison Hulett VS. ASI Lloyds, Tiffiney Eades

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's First Amended Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 22nd day of September, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

Signed: 9/22/2016 01:28 PM

By: CRG

Catherine Gant, Deputy

I, Barbara Gladden Adamick, do hereby Certify 2 pages in Cause #16091O469 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of September 2016
By: _____ Deputy

# OFFICER'S RETURN

Cause No. 16-09-10469                          Court No: County Court at Law #2
Style: Allison Hulett VS. ASI Lloyds, Tiffiney Eades
To:      ASI Lloyds
Address:  Registered Agent Rodney D Bucker
          700 North Pearl Street 25th Floor
          Dallas TX  75201

Came to hand the _____ day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's First Amended Petition, at the following times and places, to wit:

Name              Date/Time        Place, Course and distance from Courthouse

_____

Manner of service:_____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being:

_____
And the cause of failure to execute this process is:

_____
And information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy    $ _____
TOTAL                        $ _____

                                                        OFFICER
                                            _____ County, Texas
                                            By: _____, Deputy

                            AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my address is _____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the ___ day of _____, 20____.

                            _____
                            Declarant/Authorized Process Server

                            _____
                            ID# & Exp. Of Certification

# CITATION

## Cause Number: 16-09-10469

Clerk of the Court                        Attorney Requesting Service
Barbara Gladden Adamick                   Jake Rogiers
P.O. Box 2985                             1350 N Loop 1604 E., Ste 104
Conroe, Texas 77305                       San Antonio TX  78232

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney does not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  Tiffiney Eades
     943 Lange Rd
     Harper TX  78631

You are hereby commanded to appear by filing a written answer to the
Plaintiff's First Amended Petition at or before 10:00 A.M. of the Monday
next after the expiration of twenty days after the date of service of this
citation before the Honorable County Court at Law #2 Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's First Amended Petition was filed in said court on this
the 19th day of September, 2016 numbered 16-09-10469 on the docket of said
court, and styled, Allison Hulett VS. ASI Lloyds, Tiffiney Eades

The nature of plaintiff's demand is fully shown by a true and correct copy
of Plaintiff's First Amended Petition accompanying this citation and made
a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the
law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on
this the 22nd day of September, 2016.

                                    Barbara Gladden Adamick, District Clerk
                                    Montgomery County, Texas

     (SEAL)                         CRG

                                    Signed: 9/22/2016 01:29 PM

                                    By: _____

                                    Catherine Gant, Deputy

I, Barbara Gladden Adamick, do hereby
Certify _2_ pages in Cause # 160910469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of September 2016

By: _Janet Meredith_ Deputy

# OFFICER'S RETURN

Cause No. 16-09-10469                          Court No: County Court at Law #2
Style: Allison Hulett VS. ASI Lloyds, Tiffiney Eades
To:        Tiffiney Eades
Address:  943 Lange Rd
          Harper TX  78631

Came to hand the ____ day of ____, 20 __, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's First Amended Petition, at the following times and places,
to wit:
Name          Date/Time       Place, Course and distance from Courthouse
_____
_____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is: _____
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy        $_____
TOTAL                            $_____

                                            OFFICER
                                  _____ County, Texas
                                  By: _____ , Deputy

                      AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___ , and my
address is _____ .
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____ , on the ___ day of
_____ , 20 ____ .

                              _____
                              Declarant/Authorized Process Server

                              _____
                              ID# & Exp. Of Certification

Received and Filed
for Record
September 22, 2016 2:03 P.M.
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Gant, Catherine

**16-09-10469-CV CCL#2**

# Clerk's Certificate of Service by Certified Mail:

I, Barbara Gladden Adamick, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 16-09-10469, I executed the foregoing citation in Montgomery County, Texas on this the 22nd day of September, 2016, by placing in the United States Mail a true copy of this citation, with a true copy of the Clerk's Certificate of Service by Certified Mail attached thereto, via certified mail no. 92148901463393311363569 and address to Tiffiney Eades 943 Lange Rd Harper TX  78631 and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially September 22, 2016.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: *Catherine Gant*                    Signed: 9/22/2016 02:04 PM

Catherine Gant

I, Barbara Gladden Adamick, do hereby
Certify __1__ pages in Cause # 16091046 9
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.
Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of September 2016
By: _____, Deputy

Received and Filed
for Record
September 22, 2016 02:03 P.M.
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Gant, Catherine

## 16-09-10469-CV CCL#2

## Clerk's Certificate of Service by Certified Mail:

I, Barbara Gladden Adamick, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 16-09-10469, I executed the foregoing citation in Montgomery County, Texas on this the 22nd day of September, 2016, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's First Amended Petition attached thereto, via certified mail no. 92148901463393113636576 and address to ASI Lloyds Registered Agent Rodney D Bucker 700 North Pearl Street 25th Floor Dallas TX 75201 and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially September 22, 2016.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: *Catherine Gant*

Signed: 9/22/2016 02:01 PM

Catherine Gant

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause #160910469 as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas On This the 26 Day of _____ 2016

By: _____, Deputy



USPS CERTIFIED MAIL™

Montgomery County District Clerk
C Gant
301 N Main Street

Conroe     TX    77301

9214 8901 4633 9311 3635 69

Tiffiney Eades
Tiffiney Eades
943 Lange Rd

Harper     TX   78631-8300

I, Barbara Gladden Adamick, do hereby
Certify __1__ pages in Cause #160910469
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.
Witness My Official Seal of Office in Conroe, Texas
On This the ___ Day of ___September___ 2016
By: _____, Deputy



USPS CERTIFIED MAIL™

Montgomery County District Clerk
C Gant
301 N Main Street

Conroe    TX    77301

9214 8901 4633 9311 3635 76

ASI Lloyds
Rodney D Bucker
700 North Pearl Street
25th Floor
Dallas        TX   75201-2832

I, Barbara Gladden Adamick, do hereby
Certify __1__ pages in Cause # 16091046G
as being a true and correct copy of the
Original Record now on file in the District
Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the 26 Day of September 2016
By: _____ Deputy

Received and E-Filed for Record
9/20/2016 3:36:22 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION

9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810

TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

September 19, 2016

Clerk of Court
284th Judicial District Court
County of Montgomery
ATTN: VALERIE
P.O. Box 2985
Conroe, Texas 77305

      Re:    Case No.16-09-10469; Allison Hulett v. ASI Lloyds, et al
            In the 284th Judicial District Court; Montgomery County

Dear Sir/Madam:

      We are in the process of filing a removal with the federal court. Per my phone conversation with Rene of your office, the total cost for the complete record is $28.00. Please accept the e-filing as payment for the complete record.

      Once you have received the self-addressed stamped envelope, please mail a certified copy of the complete record, including but not limited to the civil case information sheet, civil process requests, citation issued to ASI Lloyds, certified mail receipt to serve ASI Lloyds, domestic return receipts, docket sheet and any and all documents filed in regards to the above mentioned matter.

      Should anything further be needed in connection herewith, please advise.

      Thank you for your courtesy and attention to this request.

                      Sincerely,

                      LaDonna G. Schexnyder

LGS/mah
Enclosures